# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MILES CHRISTI RELIGIOUS ORDER,
FATHER CESAR BERTOLACCI, and
BROTHER FRANCISCO CONTE-GRAND,　　　　Case Number: 07-14003

　　　　　　　　Plaintiffs,　　　　　　　　JUDGE PAUL D. BORMAN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT
v.

NORTHVILLE TOWNSHIP, CHIP SNIDER,
in his official capacity as Northville Township
Manager, JENNIFER FREY, in her official
capacity as the Director of Community
Development for Northville Township, and
JOSEPH BAUER, in his official capacity as
Ordinance Enforcement Officer for Northville
Township,

　　　　　　　　Defendants.
_____ /

## ORDER
## DENYING PLAINTIFFS' OBJECTION TO TAXED BILL OF COSTS AND REQUEST FOR REVIEW

Before the Court is Plaintiffs' Objection to Taxed Bill of Costs and Request for Review, filed June 17, 2009. (Doc. No. 59). Defendants responded to Plaintiffs' objection on June 17, 2009. (Doc. No. 60).

On April 30, 2009, the Court granted Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction based on Ripeness (Doc. No. 50), and entered judgment in favor of Defendants (Doc. No. 51). Thereafter, on May 27, 2009, Defendants filed a bill of costs. (Doc. No. 56). The Clerk of the Court taxed costs in the amount of $4,750.35, pursuant to Fed. R. Civ. P. 54(d)(1). (Doc. No. 57). Plaintiffs filed on objection to the costs taxed, and sought review by this Court.

Plaintiffs object to Defendants' costs on the grounds that Defendants' failure to move to dismiss based on ripeness at the outset of the litigation forced the parties to incur discovery expenses, which Plaintiffs should not now be compelled to pay.

Defendants respond that a motion to dismiss based on subject matter jurisdiction may be brought at any time, and point out that if Plaintiffs' claims were as glaringly unripe as Plaintiffs now claim, Plaintiffs have essentially admitted that their claims were frivolous and the Court properly tax costs.  Defendants also argue that the discovery was relevant to the motion to dismiss and was relied on by the parties in their briefs.

After reviewing the parties' briefs, and the Court Clerk's taxation of costs, the Court finds that Plaintiffs were properly taxed costs in the amount of $4,750.35.  A motion to dismiss based on a lack of subject matter jurisdiction may be brought at any time during the course of the proceedings. *See* Fed. R. Civ. P. 12(h)(3).  Moreover, Plaintiffs willingly participated in discovery, including noticing multiple depositions.  The discovery was relied on by both parties in briefing the motion to dismiss.  The discovery, therefore, was relevant to the motion and did not unnecessarily prolong the litigation.

Accordingly, the Court **DENIES** Plaintiffs' objection to the taxed costs.

SO ORDERED.

      s/Paul D. Borman  
      PAUL D. BORMAN  
      UNITED STATES DISTRICT JUDGE

Dated: July 30, 2009

2

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 30, 2009.

                                            s/Denise Goodine
                                            Case Manager